# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:14-cv-01748-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED |
| v. | |
| APPROXIMATELY $36,950.00 IN U.S. CURRENCY, | ECF NO. 10 |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On March 16, 2010, Plaintiff United States of America ("Plaintiff") filed a motion seeking default judgment in this forfeiture action. (ECF No. 10.) This matter has been referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 302.

The hearing on this matter took place on April 15, 2015. Jeff Spivak appeared on behalf of Plaintiff. No one appeared on behalf of any claimant. For the reasons set forth below, the Court recommends that Plaintiff's motion for default judgment be granted.

## I.

## BACKGROUND

This action is an in rem forfeiture action pursuant to 21 U.S.C. § 881(a)(6) relating to currency traceable to a violation of 21 U.S.C. §§ 841, et seq. The property named as a defendant

1

in this action is Approximately $36,950.00 in U.S. Currency ("the Defendant Currency").  The Defendant Currency was seized out of a U.S. Mail Parcel ("the Parcel") on March 20, 2014.  The Parcel was addressed to Terrance Tucker, 5564 W. Indianapolis, Fresno, CA 93722.  The return address on the Parcel was John Rembert, 401 NW 9th Street, Hallandale, FL 33009.

On March 20, 2014, Postal Inspectors and local law enforcement officials went to the W. Indianapolis address and spoke to Mr. Tucker, who gave consent for the officers to open the parcel.  Inside the Parcel, officials found five DVD cases with marijuana related titles.  The Defendant Currency was found inside the DVD cases.  No letter, invoice, or receipt was found in the Parcel.

Another person at the address, Dewayne Taylor, claimed that the Defendant Currency was from t-shirt sales outside California.  However, based on the amount of currency, lack of documentation, and the fact that the Defendant Currency was hidden inside DVD cases, Plaintiff alleged that the Defendant Currency was money furnished in exchange for a controlled substance.  Plaintiff further alleges that both Mr. Tucker and John Rembert have extensive criminal histories including numerous arrests and convictions for drug related charges.

On November 7, 2014, Plaintiff filed the complaint in this action.  (ECF No. 1.)  On November 13, 2014, a warrant for the arrest of the Defendant Currency was issued.  (ECF No. 4.)  The warrant was executed on December 17, 2014.  (ECF No. 5.)

Public notice of this action and the arrest of the Defendant Currency was published on the official internal government forfeiture site for at least 30 consecutive days.  Plaintiff also delivered notice to Mr. Taylor at the W. Indianapolis address and his last known business address of 5261 E. Kings Canyon Rd., Bldg. C, Suite 101, in Fresno, California.  Plaintiff delivered notice to RLF Print Shop at the E. Kings Canyon Rd. address.  Notice was also sent to attorney Randolf Krbecheck, who filed a claim on behalf of Dwayne Taylor and RLF Print Shop in the administrative forfeiture action.  Plaintiff also sent notice to Terrance Tucker at the W. Indianapolis address and John Rembert at the NW 9th Street address in Hallandale, Florida.

To date, the Court's records show that there have been no claims filed by any person or entity in this action.  On February 5, 2015, default was entered against RLF Print Shop, John

Rembert, Dwayne Taylor, and Terrence Tucker.  (ECF No. 8.)

## II.

## DISCUSSION

### A.   Sufficiency of the Complaint

Plaintiff contends that forfeiture is appropriate pursuant to 21 U.S.C. § 881(a)(6). Section 881(a)(6) states that currency traceable to an exchange of a controlled substance is subject to forfeiture to the United States.  The Court finds that the complaint alleges sufficient facts to demonstrate that the Defendant Currency is subject to forfeiture because it is traceable to the illegal sale of controlled substances.  See 21 U.S.C. § 841, et seq. (prohibiting manufacture, distribution and possession of controlled substances).

### B.   Sufficiency of Notice

The sufficiency of notice in forfeiture actions is governed by the Local Rules and the Supplemental Rules for Certain Admiralty and Maritime Claims.  Local Rule 500(d) states that "Supplemental Rule G governs civil forfeiture actions."  Federal Rule of Civil Procedure Supplemental Rule G(4) authorizes notice by publication on an official internet government forfeiture site for at least thirty (30) consecutive days.  In this case, the Court finds that Plaintiff properly published notice at the official internet government forfeiture site (www.forfeiture.gov) for thirty consecutive days.

The Due Process Clause of the Fifth Amendment requires additional procedural safeguards where the owner of the property is known.  U.S. v. Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998).  In such cases, "the Government must employ such notice 'as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'"  Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950)).  Federal Rule of Civil Procedure Supplemental Rule G(4)(b)(iii) provides:

> **(b)   Notice to Known Potential Claimants**
> ...
> **(iii) Sending Notice.**
> **(A)**   The notice must be sent by means reasonably calculated to reach the potential claimant.
> **(B)**   Notice may be sent to the potential claimant

or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.

...

**(D)**     Notice to a person arrested in connection with an offense giving rise to the forfeiture who is not incarcerated when notice is sent may be sent to the address that person last gave to the agency that arrested or released the person.

In this case, the Court finds that Plaintiff properly sent notice, via certified mail, to RLF Print Shop, John Rembert, Dwayne Taylor, and Terrence Tucker.  Notice was also sent to the attorney representing Dwayne Taylor and RLF Print Shop during the administrative forfeiture proceedings.

### C.     Default and Default Judgment

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions do not include any provisions relating to default and default judgments in forfeiture actions. However, Supplemental Rule A(2) provides that the Federal Rules of Civil Procedure apply "except to the extent that they are inconsistent with these Supplemental Rules."  Federal Rule of Civil Procedure Supplemental Rule A(2).

Federal Rule of Civil Procedure 55(a) authorizes the entry of default against a party who has failed to plead or otherwise defend.  Federal Rule of Civil Procedure Supplemental Rule G(5) provides that any person who wishes to contest a forfeiture must file a claim with the Court "by the time stated in a direct notice sent under Rule G(4)(b)."  The November 18, 2014 notice stated that Plaintiff's claim must be filed no later than thirty-five (35) days after the date of the notice.  (Decl. of Autumn Magee in Supp. of Req. to Clerk for Entry of Default Against Dwayne Taylor, RLF Print Shop, Terrence Tucker, and John Rembert, Ex. A.)  February 5, 2015, Plaintiff sought and obtained entry of default against Mr. Taylor, Mr. Tucker, Mr. Rembert, and RLF Print Shop pursuant to Federal Rule of Civil Procedure 55(a).  (ECF Nos. 7, 8.)

Federal Rule of Civil Procedure 55(b)(2) permits a party to apply to the Court for a default judgment.  In this case, the Court finds that Plaintiff properly sought and obtained entry of default and is entitled to entry of default judgment pursuant to Rule 55(b)(2).

4

1    A successful plaintiff in an in rem forfeiture action is entitled to a judgment against the

2  property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), and the judgment affects

3  the interests of all other persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12

4  (1958).  In this case, the Court finds that Plaintiff is entitled to default judgment against the

5  interests of Mr. Taylor, Mr. Tucker, Mr. Rembert, and RLF Print Shop and all other persons with

6  respect to the Defendant Currency, resulting in all right, title and interest in the Defendant

7  Currency vesting in Plaintiff.

8                                                    **III.**

9                          **CONCLUSION AND RECOMMENDATION**

10   Based upon the foregoing, it is HEREBY RECOMMENDED that:

11   1.      Plaintiff United States of America's March 16, 2015 motion for default judgment

12           be GRANTED;

13   2.      DEFAULT JUDGMENT be entered in favor of Plaintiff United States of

14           America; and

15   3.      JUDGMENT be entered forfeiting all right, title and interest in the Defendant

16           Currency to the United States of America, to be disposed of according to law,

17           including all right, title and interest of Dwayne Taylor, Terrence Tucker, John

18           Rembert, and RLF Print Shop.

19   These findings and recommendations are submitted to the district judge assigned to this

20  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

21  (14) days of service of this recommendation, any party may file written objections to these

22  findings and recommendations with the Court and serve a copy on all parties.  Such a document

23  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

24  district judge will review the magistrate judge's findings and recommendations pursuant to 28

25  U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

26  / / /

27  / / /

28  / / /

time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 15, 2015**

UNITED STATES MAGISTRATE JUDGE